IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| KIMBERLY M. O'NEAL,<br>      Plaintiff,<br><br>No.<br><br>vs.<br><br>KING COUNTY and KING COUNTY<br>SOUND TRANSIT LIGHT RAIL and<br>JOHN AND JANE DOES 1-10,<br>      Defendants. | COMPLAINT FOR DAMAGES |

## INTRODUCTION

1. The King County Executive issued Executive Order ACO-8-27-EO, mandating that all executive employees of King County were instructed to submit a request for accommodation, and the Plaintiff did submit such a request on September 15, 2021. Kimberly M. O'Neal (Plaintiff), was employed as a Rail Operator, with the Defendant, King County Sound Transit Light Rail since September 2012. On September 15, 2021, the Plaintiff requested a religious exemption from the vaccine due to her sincerely held or bona fide religious beliefs and requested a religious

1

COMPLAINT FOR
DAMAGES

accommodation.

2. On or about January 25, 2022, the Plaintiff received notice that her religious accommodation was denied. By denying the Plaintiff's reasonable accommodation request, the Defendants violated the Plaintiff's rights and the Plaintiff seeks redress for this violation of law.

3. The Plaintiff seeks relief in the form of declaratory relief and damages against Defendants, and all those in active concert, from abridging Plaintiff's statutorily protected rights guaranteed to her by Title VII 42 USC §2000(e) and the Washington Law Against Discrimination (WLAD), under RCW 49.60.180.

4. Plaintiff also asks this Court for *de novo* review of the accommodation process and the failure of King County to actively engage therein.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to the Revised Code of Washington 2.08.010

6. Plaintiff's claim for declaratory relief are authorized by RCW §7.24.010, Civil Rules 57 and 65, and the general legal and equitable powers of this Court, which empower this Court to grant the requested relief.

7. Venue is proper within this judicial district and division, pursuant to RCW §4.12.025, because the Defendant, King County is a political subdivision of the State of Washington, whose principal offices are located in Seattle, King County, Washington..

8. This Court has supplemental jurisdiction over federal claims under 42 U.S.C. §2000e.

## PARTIES

9. Plaintiff submitted a request for a religious exemption and was exempted, but was not provided

2

COMPLAINT FOR DAMAGES

an accommodation.

10. Under Proclamation 21-14 et seq. and King County Executive Order ACO-8-27-EO, King County was charged with requiring all of its employees to be vaccinated or to submit a religious/medical exemption. The Plaintiff was an employee of King County.

11. The true names and capacities, whether individual, corporate, associate, or otherwise, of Does 1-10, inclusive are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. Plaintiff believes and alleges that each of the fictitiously named Defendants are in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and are legally responsible in some manner. Plaintiff will seek leave to amend this Complaint when the true names, capacities, participation, and responsibilities have been ascertained.

12. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned the Defendants acted to discriminate and deprive her of her right to fair treatment and due process; in so doing the things hereinafter complained of were acting within the course and scope of such agency and/or employment, and with the knowledge and consent of the remaining Defendants.

## FACTS

13. On or about August 10, 2021, the King County Executive Dow Constantine, issued Executive Order ACO-8-27-EO, requiring all county executive employees to obtain vaccination against the CoVid-19 virus.

14. Executive Order ACO-8-27-EO requires all county executive employees to subject themselves to a CoVid-19 vaccination or face termination from their employment.

15. Executive Order ACO-8-27-EO, allows for religious exemption and accommodation under Title VII, 42 U.S.C. 2000e.

16. However, Executive Order ACO-8-27-EO has been implemented by Defendant in a manner that does not allow for the religious accommodation process to be given meaningful dialogue regarding requests for accommodations, and thus deprives the Plaintiff of her rights at law.

17. Plaintiff holds sincere or bona fide religious beliefs and convictions that prevent her from taking the CoVid-19 vaccination.

18. Upon submission of her request for an exemption, the Plaintiff was granted an exemption from receiving the vaccination.

19. Once the Defendants were placed on notice of the Plaintiff's beliefs, the law requires a meaningful analysis of the employee's job and the requested accommodation and a reasonable attempt to accommodate. On or about January 25, 2022, the Plaintiff received notice that her request for an accommodation was denied. Defendants failed to hold an interactive and engaging analysis of the job prior to denying the Plaintiff's requested accommodation.

20. Defendants failed to reasonably accommodate the Plaintiff.

21. As a result of the denial of the request for a religious accommodation under Title VII and WLAD, the Plaintiff was terminated from her employment on March 11, 2022. This constitutes an adverse employment action, and comes on the heels of the Plaintiff asserting her protected rights as a member of a protected class.

22. The Plaintiff received her right to sue letter from the Equal Employment Opportunity Commission dated May 2, 2023.

4

23. The Plaintiff filed a claim for damages form with King County Risk Management on or about May 30, 2023. More than 60 days have elapsed since the claim form was filed and the Defendants have not adjusted this claim and therefore, the Plaintiff has complied with RCW 4.96.020.

### FIRST CAUSE OF ACTION

**Violation of Title VII 42 USC §2000e Against Defendants for Failure to Accommodate**

24. Plaintiff re-alleges the facts above and incorporates those herein by reference as if fully alleged.

25. By submitting a request for a religious exemption and accommodation under Title VII, the Plaintiff engaged in actions protected by federal law.

26. Plaintiff apprised the Defendants of her sincerely held religious belief and was exempted from the CoVid-19 vaccine requirement.

27. The Defendants subjected the Plaintiff to an adverse employment action by terminating her employment and the Plaintiff lost her job due to her sincerely held religious beliefs.

28. The Defendant refused to entertain Plaintiff's request for a religious accommodation under Title VII, and engage in a meaningful analysis of the requested accommodation.

29. Wherefore, Plaintiff brings this claim under 42 U.S.C. § 2000(e) and requests the relief set forth below in the prayer for relief.

### SECOND CAUSE OF ACTION:

**Violation of State Law Prohibiting Religious Discrimination** RCW 49.60.180 et. seq.

30. The Plaintiff hereby incorporates paragraphs 1-29 as though fully set forth herein.

31. RCW 49.60.180 (WLAD) prohibits employers from discharging individuals from employment

on the basis of the individuals' religion and or creed, as Defendants have done here.

32. The Plaintiff has bona fide religious beliefs that prevented her from taking the COVID-19 vaccines, she informed the Defendants of her bona fide/sincerely held religious beliefs that prevented her from taking the COVID-19 vaccines, the Defendants subjected the Plaintiff of actual discriminatory actions by failing to reasonably accommodate the Plaintiffs and by firing them due to their bona fide or sincerely held religious beliefs that prevented her from taking the COVID-19 vaccines.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that the Court to enter judgment in her favor, and against the Defendants, for full relief, including the following:

1. Damages including lost wages, benefits, and all other lost income stemming from the discriminatory actions of Defendant(s).

2. Attorney's fees and costs; and,

3. Declaratory relief that Defendants, failed to implement policies and procedures that encouraged engaging in a meaningful analysis of what accommodations may be made for those protected by Title VII and WLAD when asserting her sincerely held religious beliefs against being vaccinated; in so doing the Defendants denied the Plaintiff of her rights and entitlements at law.

4. Declaratory relief that the accommodation process failed to meet the minimum standards required at law under *De Novo* review.

5. Enter a judgment that the acts and practices of the Defendants complained of herein are in violation of state law and/or common law;

6. Award the Plaintiff compensation for all present, and future lost wages; including without limitation and any other relief this Court deems necessary;

7. Award the Plaintiff the costs of this action, including the fees and costs of experts, together with reasonable attorney's fees.

8. Award the Plaintiff total damages including general and special damages in an amount to be proven at the time of trial.

9. Grant the Plaintiff such additional and further relief as this Court deems necessary, just, and equitable.

Respectfully Submitted this 31st day of July, 2023.

PACIFIC JUSTICE INSTITUTE

/s/Harold H. Franklin, Jr.
WSBA #20486
Tracy Tribbett
WSBA #35922
Attorneys for the Plaintiff
459 Seneca Avenue NW
Renton, WA 98057
hfranklin@pji.org

7
COMPLAINT FOR
DAMAGES